870 P.2d 404

**In the Matter of a Suspended Member of the State Bar of Arizona, Dennis Joseph WURTZ, Respondent.**

**No. SB–94–0010–D.**

**Comm. Nos. 89–1575, 91–0254, 91–1207, 91–1238, 91–1239, 91–1421, 91–1428, 91–1443, 91–1498, 91–1510, 91–1533, 91–2094, 91–2127, 91–2179, 91–2441 and 92–1015.**

Supreme Court of Arizona,
In Banc.

March 8, 1994.

Yigael M. Cohen, State Bar Counsel and Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona, for the State Bar.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that DENNIS JOSEPH WURTZ, a suspended member of the State Bar of Arizona, is hereby disbarred for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that DENNIS JOSEPH WURTZ shall pay restitution in the following amounts to the following individuals:

| | | |
|---|---|---|
| David Yrigoyen | — | $2,000.00 |
| Jill Samaritoni | — | $ 775.00 |
| Marie M. Louie | — | $1,500.00 |
| John S. Reichert | — | $3,000.00 |
| Leslie A. Walling | — | $ 500.00 |
| Dayna Keatley | — | $ 200.00 |
| Boris Gelo | — | $2,000.00 |
| Joseph R. Horkavy | — | $1,525.00 |
| Michael Wesley Pierce | — | $1,500.00 |
| Sharon F. Stirm | — | $1,200.00 |

IT IS FURTHER ORDERED that Respondent shall comply with all applicable provisions of Rule 63, Rules of the Supreme Court of Arizona, and shall promptly inform this Court of his compliance with this Order

as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED DENNIS JOSEPH WURTZ shall be assessed the costs of these proceedings in the amount of $2,991.35.

## EXHIBIT A

### BEFORE THE DISCIPLINARY COMMISSION

### OF THE

### SUPREME COURT OF ARIZONA

SB–94–0010–D

Comm. Nos. 89–1575, 91–0254, 91–1238, 91–1239, 91–1421, 91–1443, 91–1498, 91–1510, 91–1533, 91–2094, 91–2127, 91–2179, 91–2441, 91–1207, 91–1428 and 92–1015

In the Matter of

DENNIS JOSEPH WURTZ, a Suspended Member of the State Bar of Arizona,

Respondent.

### DISCIPLINARY COMMISSION REPORT

[Filed Nov. 5, 1993.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on September 11, 1993, for review of the record on appeal, pursuant to Rule 53(d), R.Ariz.Sup.Ct. The Commission considered the Hearing Committee's recommendation of disbarment. No objections to the Hearing Committee's recommendation were filed.

#### *Decision*

By a unanimous vote of the eight Commissioners present,[1] the Commission adopts the recommendation of the Hearing Committee that Respondent be disbarred. By the same vote, the Commission further recommends that Respondent make restitution to ten of his clients in the amount of $14,200, which represents his unearned fees, as set forth

---

1. Commissioners Bossé and Bonwell did not participate in these proceedings. P. Michael Drake, of Tucson, participated as an ad hoc member.

below. The Commission unanimously adopts the findings of fact and conclusions of law of the Hearing Committee.

## Facts

The complaint in this matter contains seventeen counts, one of which addresses a prior disciplinary sanction.[2] The remaining sixteen counts charge Respondent with repeated instances of serious misconduct. In eleven of the counts, Respondent accepted representation of clients and accepted retainers from virtually all of those clients with apparently no intention of carrying out that representation. Respondent performed little or no work on their cases, failing to communicate with them and failing to appear at meetings and hearings. As a result of his abandonment of one case, a default judgment of over $17,000 was entered against the client. In another case, when no one appeared at the hearing on a client's DUI case, a warrant was issued for the client's arrest. In those few instances when Respondent did perform some work for clients, he was less than diligent. In one instance, he filed a discovery response that contained false information, without the clients' knowledge or consent. Respondent directed those same clients to sign verifications of his discovery responses before the responses were prepared, and then had the signatures notarized by an individual who had not witnessed the signatures of the clients. In eight of the counts, Respondent accepted new clients and retainers, filed documents in court, or appeared on clients' behalf in court while suspended from practice for non-payment of his State Bar dues.

Respondent's cooperation with the State Bar's investigation into these matters was minimal, at best. Once the formal complaint was filed, his participation ceased altogether. After the State Bar unsuccessfully attempted to make personal service of the complaint, the complaint was served upon the clerk of the Supreme Court.[3] As Respondent failed to respond, the complaint was deemed admitted.[4] Respondent was notified of his right to be heard in mitigation and, again, failed to respond. Respondent was notified of the opportunity to object to the Committee's report and to file a statement on review before the Commission. Respondent did not object, did not file a statement on review, and did not request oral argument before the Commission.

After the State Bar perceived that Respondent had abandoned his practice, Respondent was placed on interim suspension, and the State Bar petitioned for and established a conservatorship over the client files existing at that time.

## Discussion of Decision

The Commission agrees with the Committee's findings that Respondent violated ER 1.1, ER 1.2, ER 1.3, ER 1.4, ER 1.5, ER 1.15, ER 3.1, ER 3.2, ER 3.4, ER 4.1, ER 5.5, ER 8.1(b), and ER 8.4, and Supreme Court Rules 31(a)(3), Rule 33(c), and Rule 51(h) and (i).[5]

The American Bar Association's *Standards for Imposing Lawyer Sanctions* are used by the Court in considering the appropriate sanction for a violation of the Rules of Professional Conduct. *In re Ockrassa*, 165 Ariz. 576, 799 P.2d 1350 (1990). The Commission regularly uses this guideline, as well. In this instance, however, Respondent's misconduct is so egregious as to render a comparison to the Standards superfluous. Nearly every Standard addresses some aspect of his misconduct, and virtually all of the aggravating factors listed in Standard 9.22 are present. No mitigating evidence was presented.

Respondent accepted representation of numerous clients and then failed to pursue their cases. He accepted the clients' money, maintained no communication with the clients,

---

2. Respondent was informally reprimanded in February 1992 for conduct relating to lack of diligence and lack of communication.

3. Rule 55(b)(6)

4. Rule 53(c)(1)

5. Count Eight of the complaint also charged a violation of Rule 43, which concerns trust account violations. The Commission notes, however, that the complaint contained no allegations of trust account violations, and believes this violation was charged in error.

abandoned their cases, and kept their fees and retainers. When he did take action on behalf of clients, he did so improperly, as he was suspended from the practice of law. He failed to cooperate with the State Bar's investigations into virtually every one of these matters. Virtually all of his clients suffered injury. It is clear that disbarment is the only appropriate sanction. The Commission so recommends.

In addition, the Commission recommends that Respondent make restitution in the total amount of $14,200 to his clients, as follows:

| | |
|---|---|
| Client in Count Two | — $2,000 |
| Client in Count Six | — $ 775 |
| Client in Count Eight | — $1,500 |
| Client in Count Nine | — $3,000 |
| Client in Count Ten | — $ 500 |
| Client in Count Eleven | — $ 200 |
| Client in Count Twelve | — $2,000 |
| Client in Count Thirteen | — $1,525 |
| Client in Count Fifteen | — $1,500 |
| Client in Count Sixteen | — $1,200 |

This restitution represents only the unearned fees paid by the individual clients, and is without prejudice to any malpractice actions that may be brought on behalf of these clients.

RESPECTFULLY SUBMITTED this 5th day of November, 1993.

/s/  Mark D. Rubin

Mark D. Rubin, Vice Chair

Disciplinary Commission